IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
NORTHERN DIVISION

2006 SEP 25 P 12: 14

| | | |
|---|---|---|
| JULIE GIVENS and | * | |
| MONICA GREENE | * | |
| | * | |
| Plaintiffs, | * | |
| | * | CASE NO.: ~~CV-06-~~ |
| vs. | * | |
| | * | |
| DOUGLASS CHAMBERS, Individually | * | |
| and in his capacity as President of | * | |
| INGRAM STATE TECHNICAL | * | JURY DEMAND  2: 06 cv 852 -1D |
| COLLEGE; JAMES WILSON, | * | |
| Individually and in his capacity as | * | |
| Dean of Students of INGRAM STATE | * | |
| TECHNICAL COLLEGE. | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT

COMES NOW the Plaintiffs, Julie Givens and Monica Greene, and files this, their

Complaint seeking relief under the provisions of Title VII of the Civil Rights Act of 1964, as

amended in 1991, 42U.S.C. § 2000 @ et. seq. and under the provisions of 42 U.S.C. § 1981 and

under the Equal Protection Clause of the Fourteenth Amendment to the United States

Constitution and through 42 U.S.C. § 1983.  Plaintiffs also seek relief on various state causes of

action.

### Jurisdiction

1. Jurisdiction in this Honorable Court is posited under the provisions of 28 U.S.C. §

1331 and 28 U.S.C. § 1343 because it involves the civil rights of the Plaintiffs and because it

involves questions of federal law.

**Parties**

2. The Plaintiff, Julie Givens, is a white female over the age of forty (40) years and at all times relevant hereto was a resident of Elmore County, Alabama which is encompassed in the area of the UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION.

3. The Plaintiff, Monica Greene, is a white female over the age of forty(40) years and at all times relevant hereto was a resident of Montgomery County, Alabama which is encompassed in the area of the UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION.

4. The Defendant, Douglass Chambers, is a black male over the age of nineteen (19) years, is employed as President of Ingram State Technical College, in Elmore County, Alabama, and resides in Autauga County, Alabama, which is and area encompassed by the UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION. Defendant Chambers is sued in his individual and official capacity.

5. The Defendant, James Wilson, is a black male over the age of nineteen (19) years, is employed as Dean of Students of Ingram State Technical College, in Elmore County, Alabama, and resides in Montgomery County, Alabama, which is and area encompassed by the UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN

DIVISION. Defendant Wilson is sued in his individual and official capacity.

## Statement of Facts Supporting Causes of Action

6. Plaintiff Greene is the Dean of Fiscal Affairs at Ingram State Technical College and Plaintiff Givens works in the Fiscal Office under Plaintiff Greene. Plaintiff Greene filed an EEOC Complaint and received a Right To Sue letter dated June 29, 2006. Plaintiff Givens filed an EEOC Complaint and received a Right To Sue letter dated June 28, 2006.

7. Defendant Chambers on numerous occasions has had meetings with Plaintiff Greene and Plaintiff Givens. Defendant Chambers has insinuated that Plaintiff Greene had not told him the truth about an issue and admonished Plaintiff Given's to tell him the truth.

8. Defendant Chambers and Defendant Wilson have indicated in front of other employees that Plaintiff givens allows personnel in the business office, which is under Givens direct supervision, to violate school policies when work is being done for employees of the business office or their family members.

9. Defendant Chambers consistently comments on the attire and dress of the females, while not commenting on the dress of the male employees. Defendant Chambers has commented on how tight and low cut women wear their blue jeans. Defendant Chambers has established a dress policy for women , and will not allow women to wear jeans. However, males are allowed to wear jeans.

10. On numerous occasions in meetings with the Plaintiffs and other female employees, Defendant Chambers has raised his voice in a loud and threatening manner. However, Defendant Chambers does not raise his voice in meetings with just male employees.

11. Defendant Chambers has consistently refused to raise the salary of any white employees that Plaintiff Greene has recommended for a raise. The only employee to receive a raise which was recommended by Plaintiff Greene was a black employee.

12. Defendant Chambers consistently hires and promotes black employees over white employees and pays black employees more money for doing the same job as white employees.

13. Defendant Chambers pays female employees, including but not limited to Plaintiffs Greene and Givens, less money than paid to male employees in equal or similar positions.

14. On several occasions Defendant Chambers has informed Plaintiff Greene in the presence of Plaintiff Givens and others that Plaintiff Greene should resign or quit her job.

15. Defendant Chambers yelled at Plaintiff Greene that "he didn't like her attitude" when Plaintiff Greene refused to have anything to do with a political PAC as such would be a job violation for her.

16. The actions of Defendant Chambers in yelling at Plaintiffs, constantly making

4

remarks about the women's clothing, threatening Plaintiffs' job security and paying female

employees less money than similarly situated male employees and not paying white and black

employees similar wages for similar jobs, permeated the work place of the Plaintiffs with

discriminatory intimidation, ridicule and insult that was sufficiently severe or pervasive to alter the

Plaintiffs' employment and created an abusive and hostile work environment.

### First Cause of Action
### Racial Discrimination Under Title VII of the Civil Rights Act of 1964

17. The Plaintiffs reallege and incorporates herein in this First Cause of Action the

allegations contained in paragraphs 1-16 of this Complaint the same as if set out herein in full.

18. Plaintiffs Greene and Gives allege that Defendant Chambers has discriminated against

each of them based on race and gender, has created a racially hostile working environment, and

that the Defendant is in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 @

et. seq. as amended.

19. Plaintiffs Greene and Givens prays for actual damage, equitable and declaratory relief,

and recovery of cost and attorney fees, to which they may be entitled under Title VII of the Civil

Rights act of 1964, 42 U.S.C. § 2000 @ et. seq. as amended.

### Second Cause of Action
### Racial Discrimination under 42 U.S.C. § 1981

20. Plaintiffs Greene and Givens reallege and incorporate herein in this Second Cause of

Action the allegations of paragraphs 1 through 19 of this Complaint the same as if set out herein

in full.

21. The Plaintiffs allege, that Defendant Chambers and Wilson have discriminated against them based on their race, white, gender, female and the actions of the Defendants have created a racially hostile and/or generally hostile and abusive working environment and that the Defendants are therefore in violation of 42 U.S.C. § 1981.

22. Plaintiffs Greens and Givens each pray for actual damages, equitable and declaratory relief, and recovery of cost and attorney fees against all Defendants, who may be appropriately sued under 42 U.S.C. § 1981 and to which each Plaintiff might be entitled under 42 U.S.C. § 1981.

**Third Cause of Action**
**Discriminatory Under The Equal Protection Clause**
**of the Constitution of the United States**

23. Plaintiffs Greene and Givens reallege and incorporate herein this third Cause of Action the allegations of paragraphs 1-22 of this Complaint the same as if set out herein in full.

24. Plaintiffs Greene and Givens allege and aver that Defendant Chambers, acting under the color of state law, has treated them differently than similarly situated male employees, denying them the equal protection of the law the same as provided to similarly situated male employees. The actions of Defendant Chambers has created an abusive, hostile and intimidating working environment for the Plaintiffs and other similarly situated female employees.

6

25. Plaintiffs Greene and Givens allege and aver the action of Defendant Chambers has caused each of them to suffer mental and emotional pain and anguish and has caused each Plaintiff to seek medical attention and expend funds for medical treatment.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that a jury upon considering the evidence in this case will award the following:

A. An amount of money to sufficiently and adequately compensate the Plaintiffs for the suffering inflicted upon each of them by the Defendants and an adequate amount of money to deter such action in the future.

B. The recovery of Court costs and an adequate and proper attorney fee.

C. Such other, further, and different relief that the Court determines each of the Plaintiffs is entitled to receive.

### Fourth Cause of Action
### State Action- Harrassment

26. The consistent and constant yelling at Plaintiffs Givens and Greene by Defendant Chambers and the accusations of Defendant Wilson that the Business Office employees who work under the supervision of Plaintiff Greene received special treatment when work was performed for Business Office employees by Ingram, amounted to harassment of Plaintiff Givens and Plaintiff Greene.

27. Said harassment caused Plaintiffs Greene and Givens to suffer embarrassment in front of their co-workers and to suffer mental pain and anguish.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the jury will award each of them, based on the facts and circumstances of this case, an amount of money to adequately compensate each Plaintiff and to sufficiently punish the Defendants so as to deter such action in

the future.

Respectfully submitted this the _25th_ day of September, 2006.

JIM L. DEBARDELABEN (DEB003)
Attorney for Plaintiffs

**OF COUNSEL:**
Jim L. DeBardelaben
Attorney At Law
1505 Madison Avenue
Montgomery, Alabama 36107
(334) 265-9206
(334) 265-9299 Facsimile

8