IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JULIE GIVENS and <br> MONICA GREENE, <br><br> Plaintiffs, <br><br> v. <br><br> DOUGLASS CHAMBERS, <br> Individually and in his capacity <br> As President of INGRAM STATE <br> TECHNICAL COLLEGE; JAMES <br> WILSON, Individually and in his <br> Capacity as Dean of Students of <br> INGRAM STATE TECHNICAL <br> COLLEGE <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CV 2:06 CV852-1D <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER

COME NOW Defendants **J. Douglas Chambers** (hereinafter referred to as "Chambers"), individually and in his capacity as President of J.F. Ingram State Technical College; and **James Wilson** (hereinafter referred to as "Wilson"), individually and in his capacity as Dean of Students at J.F. Ingram State Technical College, and, by and through their counsel of record, for Answer to the Complaint in the above-styled action, state as follows:

## Jurisdiction

1. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which are therefore denied.

2. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which are therefore denied.

3. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which are therefore denied.

4. This Defendant admits that Defendant Chambers is the President of Ingram State Technical College.

5. This Defendant admits that Defendant Wilson is the Dean of Students of Ingram State Technical College.

6. These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph which are therefore denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. The Defendants adopt and incorporate their previous responses to the allegations in this paragraph.

18. Denied.

19. Denied.

20. The Defendants adopt and incorporate their previous responses to the allegations in this paragraph.

21. Denied.

22. Denied.

23. The Defendants adopt and incorporate their previous responses to the allegations in this paragraph.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## AFFIRMATIVE DEFENSES

1. Any claims brought by Plaintiffs under Title VII or any statutes arising there under are due to be dismissed in that Plaintiffs have failed to meet the legal requisites for any such claims to be filed with this Court.

2. The Complaint fails to state a claim upon which relief can be granted.

3. Defendants Chambers and Wilson, in their official capacities, assert immunity under the 11th Amendment to the United States Constitution.

4. Defendants Chambers and Wilson, in their official capacities, assert immunity under Section 14 of the Constitution of Alabama.

5. Defendants Chambers and Wilson assert qualified immunity in their individual capacities.

6. The Complaint fails to state an actionable claim for retrospective relief against Defendants Chambers and Wilson in their respective official capacities under 42 U.S.C. § 1983 in that these Defendants are not subject to retrospective relief in their official capacities.

7. The Complaint fails to state a valid claim against Defendants Chambers and Wilson in their respective individual capacities under § 1983 or under any other law or regulation referenced in the Complaint in that any actions taken by Defendants pertaining to the Plaintiffs were lawful and within the scope of their respective official authority.

8. The Complaint fails to meet the requisites for mandatory, preliminary, and permanent injunctions to lie against the Defendants.

9. Plaintiffs are not entitled to retroactive damages against Defendants in their official capacities.

10. All actions taken by Defendants in this matter were taken in good faith.

11. Plaintiffs have failed to exhaust available administrative remedies.

12. No act or omission on the part of any Defendant was the proximate cause of the Plaintiffs' alleged damages.

13. Defendants' actions were motivated by legitimate, nondiscriminatory, non-retaliatory reasons, which were not pretext.

14. Defendants assert the applicable statues of limitations.

15. Defendants assert the defense of latches.

16. Defendants assert the "Mount Healthy" defense.

17. Defendants, in their individual capacities, assert State Agent immunity under the laws of Alabama.

18. Defendants assert that Plaintiffs have failed to plead their claims with particularity sufficient to satisfy the requirements of Federal and/or State law.

19. Plaintiffs have failed to state a prima facie case of discrimination under Title VII or § 1983.

Respectfully submitted,

/s/ Matthew Y. Beam
Andrew W. Christman (CHR024)
Jack B. Hinton, Jr. (HIN020)
Matthew Y. Beam (BEA065)
Attorneys for J. Douglas
Chambers and James Wilson

OF COUNSEL:

Gidiere, Hinton, Herndon
   & Christman
P. O. Box 4190
Montgomery, AL 36103
(334) 834-9950
(334) 834-1054 – Fax

### CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been served upon the following persons by placing the same in the United States Mail, first class postage prepaid, and properly addressed, on this the _19th_ day of October, 2006.

                                                                _/s/ Matthew Y. Beam_
                                                                 Of Counsel

Jim L. DeBardelaben
Attorney at Law
P. O. Box 152
Montgomery, AL 36101-0152
(334) 265-9206
(334) 265-9299 Facsimile
dgoollaw@aol.com